## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re: | ) | |
| I-80 Equipment, LLC, | ) | |
| | ) | CHAPTER 7 |
| Debtor(s), | ) | Case No. 17-81749 |

_____

| | | |
|---|---|---|
| Jeana K. Reinbold, solely as Chapter 7 | ) | |
| Trustee of the Estate of I-80 Equipment, | ) | |
| LLC | ) | |
|     Plaintiff | ) | |
| vs. | ) | |
| | ) | Adversary Case No. 19-08116 |
| Rock Island County, Illinois, County | ) | |
| Treasurer of Rock Island County, Illinois | ) | |
| And County Collector of Rock Island | ) | |
| County, Illinois | ) | |
| | ) | |
| Defendants. | ) | |

_____

## MOTION TO DISMISS
_____

NOW COME Defendants Rock Island County, a body politic and corporate, and Louisa Ewert, Rock Island County Treasurer, a duly elected official who also serves as County Collector, by and through their attorney, Assistant State's Attorney Kathy L. Swett, and pursuant to Fed. R. Civ. Pro. 12(b)(6), made applicable to adversary proceedings by Rule 7012 of the Federal Rules of Bankruptcy Procedure, moves to dismiss the instant adversary proceeding.  In support of its motion states as follows:

1.  Plaintiff has brought this adversary action alleging identical counts against the County, the Treasurer, and the Collector separately from the Treasurer, alleging actual fraud, constructive fraud, and requesting that $177,945.45 in interest be avoided and that sum be

returned to the I-80 Chapter 7 Bankruptcy Estate.  Doc. 1.

2.  Plaintiff has alleged that Debtor I-80 made the fraudulent transfers in return for value

provided to Jones, Jones Lease, and JP Rentals, and/or Jones Holdings, other companies, in

which Erik P. Jones is the sole owner.  Doc. 1, ¶¶ 10, 14, 19, 20, 21.

3.  As alleged by Plaintiff, the transfers to the other Jones entities were recorded as

accounts receivable owning by Jones Lease to Debtor I-80 and that Jones Lease had no

obligation to repay the transfers to the debtor.  Doc. 1, ¶25(g).

4.  While Debtor I-80 did not owe any property in Rock Island County, it is alleged that

the transfers made to Jones Lease were to pay property taxes on Rock Island County properties

owned by Jones Lease.  Doc. 1, ¶ 21.

5.  The treasurers of all counties in Illinois are the ex-officio county collectors of their

counties pursuant to 35 ILCS 200/19-35.

6.  The treasurer, as county collector, collects taxes on behalf of all taxing districts and

deposts those funds directly into a designated escrow account established by the district.  35

ILCS 200/20-90.

7.  All distributions of taxes collected by the County collector and interest earned thereon

by a County on behalf of the taxing districts must be made by the county treasurer within 30 days

after the due date and at 30 days intervals thereafter.  35 ILCS 200/20-130.

8.  Plaintiff has not alleged nor do any facts support that the properties for which tax

payments were made were transferred to the County or to a tax buyer.  Said properties remained

in the possession and titled to Jones Lease.

9.  Plaintiff has only named one taxing District in this Adversary Action, Rock Island

County.

10.   Pursuant to Illinois law, 35 ILCS 200/20-90, the Treasurer, as Collector simply collects the taxes on behalf of the taxing Districts, deposits them into an Escrow account, and then distributes those funds to them.

11.   At no point does the County, Treasurer, or Collector have any control over or receive value from taxes collected on behalf of other taxing Districts.

12.   As alleged by Plaintiff, the payments made to the Treasurer by Jones Lease were all made in September 2017, meaning that pursuant to 35 ILCS 200/20-130 those funds were distributed to the taxing districts in October 2017.  Doc. 1 Exhibit A.

13.   Should this case proceed, all taxing Districts where the subject properties that Jones Lease paid taxes on in September 2017 are located using funds loaned to them by I-80 Equipment are necessary parties to any adversary action.

14.   As alleged by Plaintiff, the initial transferee of the funds from I-80 Equipment was Jones Lease, as indicated by the status in Debtor I-80s books as accounts receivable owing by Jones Lease and that all value received by the transfer inurred to the benefit of Jones Lease. Doc. 1, ¶ 25(g), 21.

25.   A transferee under the Bankruptcy Code is one who exercises "dominion over the money or other asset, the right to put the asset to one's own purposes. *Smith v. SIPI, LLC*, 811 F.3d 229, 239 (7th Cir. 2016) citing *Bonded Financial Services v. European American Bank*, 838 F.2d 890, 893 (7th Cir. 1988).

26.   The Rock Island County Collector, and by extension the Treasurer, County, and all other taxing Districts are subsequent good faith transferees who took the funds without knowledge of the fraudulent nature of the transfer between I-80 Equipment and Jones Lease.  As such they are shielded from liability.  *Smith v. SIPI, LLC*, 811 F.3d 229, 239 (7th Cir. 2016)

citing 11 U.S.C. 550(b).

27.  Using the example in *Smith v. SIPI*, "When A gives a check to B as Agent for C, then C is the initial transferee."  Here Debtor I-80 used its credit card to give funds to pay taxes to County as agent for Jones Lease.  Making Jones Lease the initial transferee and subject to liability to I-80, not the County, Treasurer, Collector, or taxing districts.  *Smith* at 244.

28.  There is no requirement under the law that the billed entity directly pay its taxes, only that they be paid, there was no duty on the County, Treasurer, or Collector to monitor the initial transfer or arrangement between I-80 and Jones lease and as such is relieved of liability. *Smith* at 228.

29.  Further, governments have a vital interest in collecting delinquent real estate taxes. The Bankruptcy Code is intended to work in "peaceful coexistence" with state procedures. Here there is no allegation that the County received any title to the property.  There is no allegation that the Defendants failed to follow the procedures for the collection of taxes pursuant to Illinois law and in good faith accepted the funds for the outstanding tax liabilities paid by I-80 as agent for Jones Lease.

WHEREFORE, Defendants respectfully request that this Court dismiss this adversary action with prejudice as Plaintiff has failed to state a claim upon which relief can be granted..

ROCK ISLAND COUNTY
ROCK ISLAND COUNTY
TREASURER
ROCK ISLAND COUNTY
COLLECTOR,
                          Defendants.

By: /s/ Kathy L. Swett
Attorney for Defendants

**CERTIFICATE OF SERVICE**

THE UNDERSIGNED certifies that this instrument was electronically filed with the Clerk of Court using the CM/ECF system and that a copy of the foregoing instrument was electronically served upon the parties of record on the 4th day of January 2019.

    /s/ Kathy L. Swett

Kathy L. Swett
Assistant State's Attorney
ROCK ISLAND COUNTY STATE'S ATTORNEY
CA Attorney #: 278531
IL Attorney #: 6316491
210-15th St 4th Floor
Rock Island, IL 61201
309-558-3219
Fax: 309-786-5052
Email: swettk@co.rock-island.il.us